IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON

| | |
|---|---|
| JOHN B. WOODS, a Texas citizen, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>LUBY'S, INC.,<br><br>Defendant. | Case No. 17-cv-1146 |

CLASS ACTION COMPLAINT

Plaintiff, John B. Woods, brings this action on behalf of himself and all other persons similarly situated and, except for those allegations pertaining to Plaintiff or his attorneys, which are based upon personal knowledge, alleges the following upon information and belief against defendant Luby's, Inc. ("Luby's" or "Defendant"):

PRELIMINARY STATEMENT

1. Defendant has printed more than the last five digits of credit and debit cards on receipts provided at the point of sale or transaction.

2. A provision of the Fair and Accurate Credit Transactions Act mandates as follows: "No person that accepts credit cards or debit cards for the transaction of business **shall print more than the last five digits of the card number** or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. §1681c(g)(1) (emphasis added).

3. This "truncation requirement" is part of an effort to prevent identity

theft.

4. The Federal Trade Commission has estimated that, each year, criminals fraudulently assume the identities of more than nine million persons for financial gain, causing losses exceeding 50 billion dollars.

5. Identity thieves obtain credit and debit card receipts that are stolen, lost, or discarded and then use the information on them to engage in transactions. These identity thieves are commonly referred to as "carders" or "dumpster divers." This "low tech" method is more prevalent than the use of sophisticated electronic wizardry to obtain the information. *See, e.g.*, Robin Sidel, "Identity Theft – Unplugged – Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," Wall Street Journal, Oct. 5, 2006, p. B1.

6. Merchants generally will not honor a credit card in a "card-not-present" transaction (telephone or Internet or fax) without both the correct expiration date and the card number. Thieves prefer these card-not-present transactions to reduce their chances of apprehension.

7. To curb this means of identity theft, FACTA prohibits merchants who accept credit cards and debit cards from issuing electronically-generated receipts displaying more than the last five digits of the card number.

8. The Fair and Accurate Credit Transactions Act of 2003 ("FACTA") was enacted on December 4, 2003. FACTA is part of the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681 *et seq*, and gave merchants who accept credit or debit cards up to three years to comply with the truncation requirements. 15 U.S.C. §

1681c(g)(3)(A)-(B). FACTA required full compliance with its provisions no later than December 4, 2006 for all machines in use and in all transactions. 15 U.S.C. §1681c(g)(3)(A).

9. FACTA provided two compliance deadlines: (1) Machines brought into use before January 1, 2005, must have been brought into full compliance before December 4, 2006; and (2) machines first used after January 1, 2005 were required to fully comply immediately.

10. Here, Plaintiff alleges that Defendant recklessly violated FACTA by failing to comply with the truncation requirement, specifically by printing more than the last five digits of credit and debit cards.

11. Defendant invaded the privacy of Plaintiff and other class members by printing their protected, private information on receipts and permitting Defendant's employees access to that private information.

12. Defendant also imposed an unnecessary risk of identity theft, and a burden of vigilance to make certain identity thieves did not take advantage of Defendant's reckless actions, wasting Plaintiff's time.

13. Plaintiff brings this action against Defendant based on Defendant's violation of 15 U.S.C. §1681p *et seq*. Plaintiff seeks class-wide statutory damages, attorneys' fees, costs, and such other relief as the Court deems proper, including punitive damages when the evidence shows them appropriate.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p (FCRA).

3

15. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) in that Defendant is a Texas corporation with its corporate headquarters in Houston, Texas and this is a class action in which a substantial part of the acts and omissions giving rise to the claims occurred within Texas and this judicial district.

## PARTIES

16. Plaintiff John Woods is a citizen of Texas and resides in Fort Bend County, Missouri City, Texas.

17. Defendant Luby's, Inc. is a Texas corporation with its principal place of business at 13111 Northwest Freeway, Suite 600, Houston, Texas 77040.

18. Defendant is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

## FACTS

19. FACTA's final truncation requirement went into effect on December 4, 2006.

20. On April 12, 2016 and May 25, 2016, more than 9 years after the truncation requirement became effective, Plaintiff purchased meals at the Luby's Cafeteria located at 3434 Hwy 6 South, Sugarland, Texas, 77478.

21. Plaintiff used his VISA debit card to pay for the meals.

22. The debit card Plaintiff used is a VISA card.

23. Plaintiff received from Defendant two computer-generated receipts displaying more than the last 5 digits of Plaintiff's debit card number. A true and correct copy of the receipts (with the credit card number redacted) are attached as Exhibits A and B.

4

24. The receipt that Plaintiff received did not display in printed text the type of card that was used (*e.g.,* "VISA").

25. Subsequently, Plaintiff noticed that the subject receipt was not FACTA-complaint, and instead displayed more than the last five digits of the Plaintiff's debit card number.

26. Plaintiff has been required to check his debit card bank statements and his credit report to confirm that he was not the victim of identity theft – causing Plaintiff unnecessary stress and wasting Plaintiff's time.

## CLASS ALLEGATIONS

27. Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P.23(a) and (b)(3).

28. The class is defined as:

> All persons to whom Luby's provided an electronically-printed receipt at the point of a sale or transaction after the applicable statutory deadline (after December 4, 2006 for machines in use before January 1, 2005 or immediately for machines first used after January 1, 2005) and which receipt displayed more than the last five digits of the purchaser's credit card or debit card number.

29. On information and belief, the class is so numerous that joinder of all individual members in one action would be impracticable. The proposed class includes more than 100 persons.[1]

30. Common questions of law or fact apply to the claims of all class members and those common questions predominate over questions affecting only individual members. The common questions include the following:

---

[1] Excluded from the Class are Defendant's officers and directors, Plaintiff's counsel, and any Judge or Justice presiding over this action.

5

   a. Whether Defendant's printed sales or transaction receipts truncated credit or debit card numbers as FACTA requires;

   b. When Defendant put its credit and debit card machines into service;

   c. Whether Defendant had a practice of providing customers sales or transaction receipts that failed to comply with FACTA's truncation requirement;

   d. Whether Defendant violated FACTA;

   e. Whether Defendant's conduct was reckless; and

   f. What amount of statutory damages the Court should order Defendant to pay.

31.    Plaintiff's claims are typical of the claims of the other class members. Every class member's claims are based on the same legal theories and arise from the same unlawful and reckless conduct.

32.    Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained experienced counsel.

33.    A class action is superior to other available methods for the fair and efficient adjudication of the claims of class members. Individual actions are economically unfeasible and impractical.

## VIOLATION ALLEGED

34.    Defendant violated 15 U.S.C. §1681c(g)(1), which provides: "… no person that accepts credit cards or debit cards for the transaction of business shall

print more than the last five digits of the card number … upon any receipt provided to the cardholder at the point of sale or transaction."

35.   With respect to machines first placed into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

36.   With respect to machines in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(A) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

37.   Defendant's restaurant employs machines that accept credit cards or debit cards while transacting business with persons such as Plaintiff and the other class members. In transacting such business, Defendant's machines electronically print receipts for credit and debit card transactions.

38.   After the effective date of FACTA, Defendant, at the point of sale or transaction, provided Plaintiff and each class member with one or more electronically-printed receipts. On each of those receipts, Defendant failed to comply with the truncation requirement.

39.   FACTA was enacted in 2003 and gave merchants who accept credit or debit cards up to three years to comply with its requirements, mandating compliance for all machines no later than December 4, 2006.

40.   Defendant knew or should have known of FACTA's truncation requirement.

41.   The FACT truncation requirements were widely publicized.

42. For example, in response to earlier state legislation enacting a similar truncation requirement, on March 6, 2003, the CEO of Visa USA, Carl Pascarella, explained that "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether…. The first phase of this new policy goes into effect July 1, 2003 for all new terminals…." "Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft; Visa CEO Announces New Initiative at Press Conference with Sen. Dianne Feinstein," PR Newswire, March 6, 2003.

43. Within 24 hours, MasterCard and American Express announced that they were imposing similar requirements.

44. The card issuing organizations started requiring compliance with FACTA by contract, in advance of FACTA's mandatory compliance date.

45. For example, the August 12, 2006 edition of "Rules for Visa Merchants" (p. 62), distributed to and binding upon all merchants accepting Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not appear at all." These statements were accompanied by a picture of a receipt showing precisely what had to be removed and could not be printed on receipts. VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline.

46. Defendant accepts Visa cards and on information and belief is a party to a contract requiring compliance with the above-quoted requirement.

47. On July 9, 2003, L. Richard Fischer of VISA USA presented a statement to the House Committee on Financial Services supporting the truncation requirements of what ultimately became FACTA. Mr. Fischer stated:

> Although Visa generally believes that the details of preventing identity theft should be left to financial institutions that are best suited to address ever evolving fraud techniques, Title II could provide important benefits to consumers and financial institutions alike by establishing workable identity theft provisions and ensuring that these provisions benefit from national uniformity. For example, Section 203 of Title II would prohibit any merchant or other entity that accepts credit cards and debit cards from printing more than the last four digits of the card account number or the expiration date upon receipts provided to cardholders at the point of sale.

48. The Office of Thrift Supervision of the Treasury Department (the "OTS") is responsible for, *inter alia*, compliance with FACTA by federal savings banks. Toward this end, the OTS publishes an Examination Handbook for OTS field personnel to use when they perform an examination, or compliance audit, of a given financial institution. The February 2006 edition of the Handbook states:

> <u>**Truncation of Credit and Debit Card Account Numbers**</u>
>
> Ensure that electronically generated receipts from ATM and POS terminals or other machines do not contain more than the last five digits of the card number and do not contain the expiration dates.

49. Heartland Payment Systems, Inc. provides credit and debit card, payroll and related processing services to restaurant, hotel and retail merchants throughout the United States, and indicates on its website that it provides services to over 137,000 merchants. In 2003, Heartland broadly disseminated a pamphlet

containing the following statement:

> Your credit card terminal is now – or will soon be required by law or the bankcard associations to truncate – or limit – the information that can appear on electronically printed sales receipts.
>
> What that means is that on all cardholder numbers:
> - The expiration date must be eliminated
> - All but the last four numbers of the card number must be obscured….

50. In 2006, Heartland broadly disseminated a second pamphlet including the following statement:

> **Make every transaction a safe one.** \*\*\*\*
> - The cardholder's receipt *should not include* the card's expiration date and *should only include* the last 4 or 5 digits of the card number. \*\*\*\*

51. Commerce Bank, another credit card processor, sent "Merchant Compliance Awareness" notices to its customers during 2004. Those notices stated that all but the last four digits of the cardholder's account number and the entire expiration date must be suppressed from and not displayed on the receipt.

52. The Winter 2007 edition of Texas Business Today featured an article titled "An Introduction to the Fair and Accurate Credit Reporting Act [FACTA]" What Business Owners Must Know Now." A bullet entry in the Overview section states, "Businesses must leave off all but the final five digits of a credit card number on electronically printed store receipts as of December 1, 2006."

53. Many restaurant and retail trade associations notified their merchant members of FACTA's truncation requirements, mirroring Visa's truncation requirements. For example, in its February/March 2005 Newsletter, the Virginia

Retail Merchants Association reported that "FACTA says receipts for credit and debit card transactions may not include more than the last five digits of the card number or expiration date."

54. In the April 23, 2003 edition of the monthly magazine for the National Association of Convenience Stores, an article titled "Visa USA Targets Identity Theft" appeared, and included the following statement:

> [A]t a press conference held last month with Sen. Dianne Feinstein (D-CA), Visa announced its account truncation security policy. This protects consumers from identity theft by limiting cardholders' information on receipts to the last four digits of their accounts. The policy will also eliminate the card's expiration date from receipts altogether. Feinstein has introduced legislation to combat identity theft.

55. The April 2005 edition of the Food Industry Advisor, the newsletter for the Pennsylvania Food Merchants Association and Pennsylvania Convenience Store Council, included an article regarding FACTA's truncation requirements and including the following language:

> [A]ccording to the FACTA Act, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction….

The same article appeared in the April 2005 Edition of the NACS Magazine, published by the National Association of Convenience Stores.

56. In its Spring 2004 Newsletter, the Connecticut Restaurant Association Newsletter included an article regarding Requirements for Credit Card Truncation stating:

> [T]here is currently no Connecticut state law, so the two ruling

requirements come from VISA and a new Federal Fair Credit Reporting Act signed in December 2003.

Truncation requires that all but the last four digits of the cardholder account number, along with the entire expiration date, be suppressed on the cardholder copy of the transaction receipt generated from all electronic terminals….

57. After FACTA's enactment, the Wisconsin Restaurant Association issued a "Credit Card Transaction" Alert to its members, which stated:

You may have been hearing about credit card truncation lately. This is what you need to know.

Credit card truncation removes all but the last four (or five) digits of a credit card account number and the expiration date from the sales receipt. For example: A non-truncated receipt would list:

Acct. # 1234 5678 7654 3210 Exp. 10/05

while a truncated receipt would show:

Acct. #: **** **** **** 3210 Exp **** ….

The federal Fair and Accurate Credit Transaction Act of 2003, prohibits any person that accepts credit cards or debit cards from printing expiration date and more than the last five digits of the card number upon any terminal-generated receipt provided to the cardholder at the point of sale….

58. An article appeared in the January 2005 edition of the Massachusetts Restaurant Association Newsletter notifying Association members that both Visa and MasterCard require truncation of the entire expiration date and all but the last four digits of the cardholder account number.

59. Similar information was disseminated by the Ohio Restaurant Association, the Oklahoma Restaurant Association and a significant number of other restaurant trade associations and retail merchant trade associations.

60. An article was published in the March/April 2006 Edition of the Ohio Independent Automobile Dealers' Association Dealer News Magazine entitled,

"What You Should Know About Credit and Debit Card Procession and the FACTAs about Card Truncation." The article states:

> What is Card Truncation? This federal law sets deadlines by which the receipt electronically printed from a credit card sale must be truncated—meaning, the receipt given to the customer shows no more than the last five digits of the customer's credit card number and does not show the expiration date.
>
> Business owners are responsible for merchant account compliance with the truncation regulations and must make sure their printed cardholder receipts do not contain expiration dates or full account numbers.

This same article appeared in the March/April edition of the West Coast Independent Automobile Dealer News.

61. The Independent Insurance Agents & Brokers of America circulated a report to its members dated June 5, 2005 titled: "Overview of the Fair Credit Reporting Act, the Fair and Accurate Credit Transactions Act, and the Drivers Privacy Protection Act." In relevant part, this publication stated:

> Under the FACTA Act, businesses and others accepting credit or debit cards for payment may not print more than the last five digits of the card number nor may they print the expiration date upon any receipt provided to the cardholder at the point of sale.

62. The November 18, 2004 edition of the Compliance Challenge, published by the Credit Union National Association News, stated, "FACTA prohibits anyone that accepts credit/debit cards to print more than the last 5 digits of the card number or expiration date on any receipt at the point of sale or transaction…."

63. Truncation standards, including the standards reflected in the Visa Merchant Rules and in FACTA, permit the publication of the last four or five digits

of customer account numbers on the receipt presented to customers at the point of sale. The publication of this minimal amount of account information is sufficient to facilitate merchant account reconciliation, processing of returns, etc. In isolation, the publication of *only* the last four or five digits of a customer account number significantly limits the extent to which a potential identity thief can effectively use customer receipts disseminated at the point of sale to facilitate identity theft.

64. Credit and debit card account numbers are not randomly generated. Instead, account numbers reflect an internal coding scheme set forth by the International Organization for Standardization ("ISO") 7812, which defines the content in the cards' magnetic strips. Consistent with this standard, every credit card number consists of the following: (a) a single digit Major Industry Identifier ("MII"); (b) an issuer identification number ("IIN"); (c) a number unique to the card; and (d) a check digit.

65. The MII identifies the industry of the issuer of the card.

66. The IIN consists of the first six digits of the card number and identifies the specific issuer of the card.

67. The seventh through next to the last digits, up to a maximum of 12 digits, are the numbers unique to the card.

68. The last digit is a "check digit" that is not randomly assigned, but instead calculated by a defined algorithm. Therefore, the "check digit" is derivative of the other numbers in the credit card number.

69. Astute identity thieves are familiar with this coding paradigm and can

use sophisticated mathematical modeling to decipher account numbers.

70. The FTC issued rules governing interpretation of FACTA, including the following:

> According to the federal Fair and Accurate Credit Transaction Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten – or truncate – the account information. You may include no more than the last five digits of the card number, and you must delete the card's expiration date. For example, a receipt that truncates the credit card number and deletes the expiration date could look like this:

ACCT: ***********12345

EXP: ****

See Bureau of Consumer Protection, Federal Trade Commission, *Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts* (May 2007).

71. The cost of truncating credit and debit account numbers is minimal.

72. FACTA creates a statutory right of privacy.

73. Defendant made known to its staff and possibly others Plaintiff's private credit card information, violating Plaintiff's right of privacy. Stated differently, by publishing Plaintiff's private credit card information to Defendant's staff and possibly others, Defendant violated Plaintiff's right of privacy. Defendant similarly violated the privacy rights of the other class members.

74. Defendant also burdened Plaintiff with the obligation to consistently check whether receipts created by Defendant's point-of-sale devices were FACTA-complaint.

75. Defendant's disregard of FACTA requirements also burdened Plaintiff

with the unnecessary fear and risk of identity theft, and forced him to check his credit card statement to make certain that identity thieves did not take advantage of Defendant's failure to protect Plaintiff's information, thereby wasting Plaintiff's time.

76. Defendant also wrongfully transferred its responsibility for safeguarding Plaintiff's financial information to Plaintiff, requiring that Plaintiff adequately protect or fully destroy the receipt.

77. Defendant recklessly disregarded FACTA's requirements by continuing to employ improperly programmed machines, that print receipts in violation of FACTA. 15 U.S.C. § 1681n.

78. Therefore, Defendant is liable to Plaintiff and the other class members for, among other things, "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(A).

WHEREFORE, Plaintiff, John B. Woods, individually and on behalf of all others similarly-situated, demands judgment in favor of Plaintiff and the other class members and against Defendant, Luby's, Inc., as follows:

a. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

b. For statutory damages of $100 to $1000 per violation;

c.      For attorney's fees, litigation expenses, and costs; and

d.      For such other and further relief as the Court may deem proper, including punitive damages if appropriate.

<div style="margin-left:40%">

Respectfully submitted,

John B. Woods, a Texas citizen, individually and as the representative of a class of similarly-situated persons

By: /s/ Tod A. Lewis

Phillip A. Bock (pro hac vice to be requested)
Tod A. Lewis (Tx #2409199)
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL  60602
Telephone:  312-658-5500
Facsimile:  312-658-5555

</div>