UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN B. WOODS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-01146 |
| | § | |
| LUBY'S, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Pending before the Court is the defendant's, Luby's, Inc. ("Luby's"), motion to dismiss the plaintiff's, John B. Woods (the "plaintiff"), action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Dkt. No. 9). The plaintiff has filed a response in opposition to Luby's motion to dismiss (Dkt. No. 15) and Luby's has filed a reply, along with various notices of supplemental authorities. (Dkt. Nos. 21, 27, 31, 32, 33 & 37). After having carefully considered the motion, response, replies and the applicable law, the Court determines that Luby's motion to dismiss brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure should be **GRANTED**.

**II.   FACTUAL BACKGROUND**

On April 13, 2017, the plaintiff, on behalf of himself and all other persons similarly situated, commenced the instant action against Luby's alleging a violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g). Specifically, the plaintiff alleges that on April 12, 2016, and again, on May 25, 2016, after purchasing meals at Luby's with his VISA debit card, he received two computer-generated receipts at the point of sale, which displayed more than the last 5 digits of his VISA debit card number. (*See* Dkt. No. 1 at 4

– 5, ¶¶ 19 – 26; *see also* Dkt. No. 1, Exs. A & B.). The plaintiff maintains that, as a consequence, he "has been required to check his debit card bank statements and his credit report to confirm that he [has not been] the victim of identity theft-causing [him] unnecessary stress and wasting [his] time." (*Id.* at ¶ 26.). He further alleges that Luby's made his private credit card information known to its staff and potentially others, violating his "right of privacy." (*Id.* at ¶ 26.).

With regard to his allegations supporting a purported class, the plaintiff asserts that the following common questions affect the individual class members:

> a. Whether [Luby's] printed sales or transaction receipts truncated credit or debit card numbers as FACTA requires;
>
> b. When [Luby's] put its credit and debit card machines into service;
>
> c. Whether [Luby's] had a practice of providing customers sales or transaction receipts that failed to comply with FACTA's truncation requirement;
>
> d. Whether [Luby's] violated FACTA;
>
> e. Whether [Luby's] conduct was reckless; and
>
> f. What amount of statutory damages the Court should order [Luby's] to pay.

(*Id.* at ¶ 30.).

Luby's now moves to dismiss the plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## III. STANDARDS OF REVIEW

### A. Standard Under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) permits the dismissal of an action for the lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If [a federal] court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Berkshire Fashions,*

*Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n.3 (3rd Cir. 1992) (citing *Rubin v. Buckman*, 727 F.2d 71, 72 (3d Cir. 1984)) (reasoning that "[t]he distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party."). Since federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). Therefore, the party seeking to invoke the jurisdiction of a federal court carries "the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *see also Stockman*, 138 F.3d at 151.

When evaluating jurisdiction, "a [federal] court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MDPhysicians & Assoc., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Vantage Trailers*, 567 F.3d at 748 (reasoning that "[i]n evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations."). In making its ruling, the court may rely on any of the following: "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *MDPhysicians*, 957 F.2d at 181 n.2 (citing *Williamson*, 645 F.2d at 413).

B. Article III Standing

"A question of standing raises the issue of whether the plaintiff is entitled to have the court decide the merits of the dispute or of particular issues. Standing is a jurisdictional requirement that focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated." *Pederson v. La. State Univ.*, 213 F.3d 858, 869 (5th Cir. 2000) (citing *Cook v. Reno*, 74 F.3d 97, 98 - 99 (5th Cir. 1996) (internal quotations and footnotes omitted)). The United States Supreme Court has explained that in order to demonstrate Article III standing, a plaintiff must establish 'the irreducible constitutional minimum of standing,' which includes the following three elements:

> First, the plaintiff must have suffered an 'injury in fact'-an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'

*United States v. Hays,* 515 U.S. 737, 742-43, 115 S. Ct. 2431, 132 L. Ed.2d 635 (1995) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 - 61, 112 S. Ct. 2130, 119 L. Ed.2d 351 (1992)); *see also Sierra Club v. Peterson*, 185 F.3d 349, 360 (5th Cir. 1999).

IV. ANALYSIS AND DISCUSSION

FACTA was enacted in 2003 as an amendment to the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.*, in an effort to combat the mounting risk of identity theft. *See* Fair and Accurate Credit Transactions Act of 2003, Pub. L. No. 108-159, 117 Stat. 1952 (2003); S. Rep. No. 108-166, at 13 (2003); *see also, e.g., Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 725 (7th Cir. 2016) ), *cert. denied*, 137 S. Ct. 2267 (2017). The applicable FACTA provision at issue in this case concerns the truncation requirement of credit and debit card numbers. *See* 15 U.S.C. § 1681c(g). Specifically, § 1681c(g) provides, in relevant part,

that "no person that accepts credit cards or debit cards for the transition of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." *Id.* at § 1681c(g)(1). Any person who willfully fails to observe the aforementioned requirement is liable for statutory or actual damages ranging from $100 to $1,000, punitive damages and attorneys' fees. 15 U.S.C. § 1681n(a).

In this case, Luby's maintains that the plaintiff's complaint should be dismissed because the plaintiff has not satisfied an essential component of Article III standing—that he suffered a concrete injury-in-fact. As such, Luby's contends that the plaintiff's factual allegations amount to a mere procedural violation, divorced from any actual, concrete, or "certainly impending" harm. The plaintiff, in opposition to Luby's motion to dismiss, avers that simply alleging a violation of FACTA is sufficient to allege a concrete injury. The plaintiff also contends that because of Luby's violation of FACTA, he has been required to secure and safeguard his receipts in order to prevent his exposure to identity theft. (Dkt. No. 15 at 2). He argues that Luby's violation of FACTA has "wrongfully placed a burden on [him] to make sure the receipts were either destroyed or secured," constituting a "concrete" injury. (*Id.*). This Court does not agree.

The plaintiff postulates that the act of printing a credit card receipt in violation of FACTA's truncation requirement causes a concrete injury in and of itself. (*See* Dkt. No. 15 at 9). The Fifth Circuit has not had the occasion to consider the question of standing in a case involving a FACTA violation. The U.S. Supreme Court's holding in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016), however, is instructive and does not support the plaintiff's position. In *Spokeo*, the Supreme Court reasoned that in order "[t]o establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not

conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (citing *Lujan*, 504 U.S. at 560, 112 S. Ct. 2130 (internal quotation marks omitted)). The Supreme Court explained that in order to be concrete, an injury must be "de facto"; in other words, "it must actually exist." *Spokeo*, 136 S. Ct. at 1548 (internal citations omitted). It further reasoned that concrete harm need not necessarily be tangible, as intangible injuries can be concrete. *Id.* at 1549.

The Supreme Court, in *Spokeo*, also discussed whether—and under what circumstances—a purely statutory violation may constitute a concrete injury in fact, reasoning that the violation of a statutory right, in and of itself, does not create Article III standing to sue. *See Spokeo*, 136 S. Ct. at 1549 ("Article III standing requires a concrete injury even in the context of a statutory violation."). It explicitly stated that a plaintiff, for example, cannot allege "a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* The Supreme Court further noted that "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* Stated another way, "Congress' judgment that there should be a legal remedy for the violation of a statute does not mean each statutory violation creates an Article III injury." *Meyers*, 843 F.3d at 727 (holding that alleged violations of the Act did not confer standing).

*Spokeo* compels the conclusion that the plaintiff's allegations are insufficient to satisfy the injury-in-fact requirement to confer Article III standing. Indeed, the plaintiff's allegations demonstrate that he has not suffered any harm due to Luby's printing of more than the last 5 digits of his VISA debit card number on his receipt. Nor has the violation created any appreciable or "certainly impending" risk of harm, as it is undisputed that the plaintiff discovered

the violations immediately and the non-compliant receipts remain secured and in his possession. Under these circumstances, it is hard to imagine how the mere presence of more than the last five numbers of his VISA debit card could have increased the risk that the plaintiff's identity would be stolen or compromised. Further, "district courts have repeatedly held that an allegation that a receipt contained credit card information in violation of FACTA, without more, does not implicate traditional privacy interests." *Llewellyn v. AZ Compassionate Care Inc.*, No. CV-16-04181-PHX-DGC, 2017 WL 1437632, at *6 (D. Ariz. Apr. 24, 2017) (citing various district court cases). When considering the plaintiff's allegations against the backdrop of authority governing Article III standing, it becomes apparent that such allegations are insufficient to pass muster, as the plaintiff has neither alleged an injury that is "concrete" nor one that is "actual or imminent, and not merely conjectural or hypothetical."

## V. CONCLUSION

Based on the foregoing analysis and discussion, this Court lacks subject matter jurisdiction over this action and Luby's motion to dismiss is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 29th day of March, 2018.

_____
Kenneth M. Hoyt
United States District Judge